UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FREDERICK LEE YOUNG,

       Plaintiff,

v.                                  Case No. 3:20-cv-446-39MCR

PATTI A. CHRISTENSEN,

       Defendant.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Frederick Lee Young, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Compl.) and a motion to proceed in forma pauperis (Doc. 2) in the United States District Court for the Northern District of Florida. The Northern District transferred the action here because the conduct of which Plaintiff complains occurred in Putnam County, which is within the geographical boundaries of the Middle District of Florida, Jacksonville Division. See Order (Doc. 4). Plaintiff names one Defendant: Patti A. Christensen, a circuit judge in Florida's Seventh Judicial Circuit. Plaintiff alleges Judge Christensen violated his "constitutional rights" by failing to correct his "illegal sentence." Compl. at 5, 7. As relief, Plaintiff seeks release from prison and punitive damages. Id. at 7.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404

U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because Plaintiff sues an individual not amenable to suit under § 1983, and he seeks relief properly sought in a habeas action. It is well settled that "a judge enjoys absolute immunity where he or she had subject matter jurisdiction over the matter forming the basis for such liability." Dykes v. Hosemann, 776 F.2d 942, 943 (11th Cir. 1985) (per curiam). See also Stump v. Sparkman, 435 U.S. 349, 356-357 (1978); Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996). Even when a judge arguably acts in error, maliciously, or in excess of her authority, she will "not be deprived of immunity," Stump, 435 U.S. at 356, when she is "dealing with the plaintiff in [her] judicial capacity," Simmons, 86 F.3d at 1085.

Upon review of Plaintiff's allegations and the state criminal docket, it appears Plaintiff takes issue with Judge Christensen's August 8, 2019 order denying his motion to correct an illegal

3

sentence.[1] Even if Plaintiff believes that Judge Christensen's ruling was wrong, judicial immunity bars his claim because Judge Christensen was "dealing with the plaintiff in [her] judicial capacity." See Simmons, 86 F.3d at 1085. To the extent Plaintiff is unsatisfied with Judge Christensen's ruling, a federal claim under § 1983 is not the proper avenue to seek relief; rather, Plaintiff should avail himself of appropriate state procedures.

Finally, even if Judge Christensen were amenable to suit, Plaintiff's request to be released from prison is not the kind of relief available in a civil rights action. See Bradley v. Pryor, 305 F.3d 1287, 1289 (11th Cir. 2002) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement.") (citing Preiser v. Rodriguez, 411 U.S. 475 (1973)).[2]

Accordingly, it is now

**ORDERED:**

1.   This case is **DISMISSED without prejudice.**

2.   The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the

---

[1] See Order Denying Motion to Correct Illegal Sentence, State v. Young, Case No. 2009-1421-CF-52 (Doc. 176).

[2] Plaintiff is serving a fifteen-year sentence, imposed on May 17, 2010. See Florida Department of Corrections website, offender information search, available at http://www.dc.state.fl.us/OffenderSearch/Search.aspx (last visited May 4, 2020).

file.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of May 2020.

                                         _____
                                                 BRIAN J. DAVIS
                                           United States District Judge

Jax-6
c:   Frederick Lee Young